**LING–LING ZHU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Respondent.**

No. 04–5949.

United States Court of Appeals, Second Circuit.

May 5, 2006.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, NY, for Petitioner.

Alyssa A. Qualls, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Joann M. Navickas, Assistant United States District Attorney), New York, NY, for Respondent, of counsel.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. GERARD E. LYNCH,* Judge.

## SUMMARY ORDER

Ling–Ling Zhu petitions for review of a decision of the BIA summarily affirming an Immigration Judge's (William F. Jankun, *IJ* ) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied Zhu's first two claims for failure to prosecute and denied her CAT relief for having failed to prove that it was more likely than not that she would be tortured should she return to China. Zhu petitions for review only of the denial of her application for CAT relief. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

Where "the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly as the final agency determination." *Rizal v. Gonzales*, 442 F.3d 84, 89 (2d Cir.2006). In reviewing such a decision, "the scope of our review of an IJ's factual findings is narrow, and we uphold such findings so long as they are supported by substantial evidence." *Gao v. Gonzales*, 440 F.3d 62, 65 (2d Cir.2006).

We conclude that the IJ's decision is supported by substantial evidence, because significant inconsistencies in Zhu's testimony supported an adverse credibility finding. At her hearing, Zhu first stated that when she arrived back home after encountering the director of family planning while shopping, the director was already at her home, arguing with Zhu's mother. But later Zhu testified that she was already home by the time the director arrived. Similarly, in her written statement, Zhu said that when the director came to her house, she "was able to flee from the back door" but was caught soon thereafter and sent to the hospital. In her oral testimony, however, Zhu said that she tried to leave out the back door but that she was unable to do so because four soldiers blocked her passage.

Zhu argues that the IJ erred because he "base[d] his entire finding on an adverse credibility assessment," Petitioner's Br. at 18, which is not alone sufficient to deny CAT relief. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004) ("An adverse credibility determination ... will doom an alien's asylum claim, but may not be a particularly significant aspect of the CAT inquiry."). But while it is true that adverse credibility findings do not necessarily require denial of CAT relief, as they do for asylum applications, it does not follow that an adverse credibility finding may never result in an applicant's failure to meet her burden. Where, as here, a petitioner's evidence consists almost entirely of her own testimony, an IJ's adverse credibility finding will likely preclude the petitioner from meeting her burden.

For the foregoing reasons, the petition for review is hereby DENIED.

---

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.